UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                            Case No. 15-20621
                                                  Hon. Matthew F. Leitman

v.

ERIC JUNOD,

       Defendant.
_____/

**SUPPLEMENTAL AGREED DISCOVERY PROTECTIVE ORDER**

      The United States of America, by and through Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, Mollie E. O'Rourke, Assistant United States Attorney for said District, Defendant, Eric Junod, and Defendant's attorney, James Gerometta, file this stipulation for entry of a Supplemental Discovery Protective Order.

      Defendant Eric Junod was charged by Indictment on September 30, 2015, with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The investigation of the Defendant involved the Defendant's use of a particular website, referenced herein as "Website A," which the government alleges was dedicated to child pornography.

      This Supplemental Protective Order governs all discovery material in any format (written or electronic) that is produced by the government in discovery in the above-

1

captioned case. Discovery that relates to the Network Investigative Technique ("NIT"), at issue in this case will be identified and marked as "NIT Protected Material."

Discovery materials the government intends to produce pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16 include computer code and law enforcement sensitive items related to an ongoing investigation of the users of "Website A." The investigation continues into users of "Website A," which the government alleges operated for the purpose of advertising and distributing child pornography. According to the government, thousands of users of "Website A," in the United States and abroad, remain under active investigation. The dissemination of the government's investigative materials, including search warrant affidavits, reports of investigation, witness statements, court orders, and seized electronic data, could seriously jeopardize those continuing investigations.

The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the NIT Protected Material is limited to the attorneys of record, members of the defense team employed by the Office of the Federal Defender, and Matthew Miller, an expert retained by the defense team (hereinafter collectively referred to as members of the defense team).

The attorneys of record and members of the defense team may display and review the NIT Protected material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the NIT Protected Material, or information contained therein, to the Defendant and other persons is

prohibited, and agree not to duplicate or provide copies of NIT Protected Material, or information contained therein, to the Defendant and other persons.

The United States Attorney's Office for the Eastern District of Michigan is similarly allowed to display and review the NIT Protected Material, or information contained therein, to lay witnesses, but is otherwise prohibited from providing copies of the NIT Protected Material, or information contained therein, to lay witnesses, *i.e.* non-law enforcement witnesses.

Nothing in this order shall be construed as imposing any discovery obligations on the government or the Defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules. This Supplemental Discovery Protective Order supplements the existing Discovery Protective Order in this case. Nothing in this order abrogates or supersedes the first-filed Discovery Protective Order.

Any NIT Protected Material, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

The provisions of this Order shall not terminate at the conclusion of this prosecution.

Upon termination of this case, any NIT Protected Material (or copies thereof), or information contained therein in the possession of the defense team shall be destroyed or returned to the United States.

Any violation of any term or condition of the Proposed Order by the Defendant, the Defendant's attorney of record, any member of the defense team, Mr. Matthew Miller, or any attorney for the United States Attorney's Office for the Eastern District of Michigan, may be sanctioned by contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to Defendant's violation.

**IT IS SO STIPULATED.**

s/*Mollie E. O'Rourke*  
Mollie E. O'Rourke  
Assistant United States Attorney  
211 W. Fort Street, Suite 2001  
Detroit, Michigan  48226  
Phone:  313-226-9137  
E-Mail: mollie.orourke@usdoj.gov

*s/James Gerometta* (with consent)  
Mr. James Gerometta, Esq.  
513 Abbott Street, 5th Floor  
Detroit, MI 48307  
Phone:  (313) 967-5839  
E-Mail:  James_gerometta@fd.org

Dated:  June 15, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 15-20621
                                                Hon.  Matthew F. Leitman

v.

ERIC JUNOD,

       Defendant.
_____/

## SUPPLEMENTAL PROTECTIVE ORDER

      This matter, having come to the Court's attention on the Stipulation for Entry of a Supplemental Discovery Protective Order submitted by the United States of America and Defendant Eric Junod, and the Court, having considered the stipulation, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1.     This Supplemental Protective Order governs all discovery material in any format (written or electronic) that is produced by the government in discovery in the above-captioned case.  Discovery that relates to the Network Investigative Technique ("NIT"), at issue in this case will be identified and marked as "NIT Protected Material."

2.     Discovery materials the government intends to produce pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16 include computer code and law enforcement sensitive items related to an ongoing investigation of the users of "Website A."  The investigation continues into

5

users of "Website A," which the government alleges operated for the purpose of advertising and distributing child pornography. According to the government, thousands of users of "Website A," in the United States and abroad, remain under active investigation. The dissemination of the government's investigative materials, including search warrant affidavits, reports of investigation, witness statements, court orders, and seized electronic data, could seriously jeopardize those continuing investigations.

3. The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the NIT Protected Material is limited to the attorneys of record, members of the defense team employed by the Office of the Federal Defender, and Matthew Miller, an expert retained by the defense team (hereinafter collectively referred to as members of the defense team).

4. The attorneys of record and members of the defense team may display and review the NIT Protected material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the NIT Protected Material, or information contained therein, to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of NIT Protected Material, or information contained therein, to the Defendant and other persons.

5.         The United States Attorney's Office for the Eastern District of Michigan is similarly allowed to display and review the NIT Protected Material, or information contained therein, to lay witnesses, but is otherwise prohibited from providing copies of the NIT Protected Material, or information contained therein, to lay witnesses, i.e. non-law enforcement witnesses.

6.         Nothing in this order shall be construed as imposing any discovery obligations on the government or the Defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.  This Supplemental Discovery Protective Order supplements the existing Discovery Protective Order in this case.  Nothing in this Order abrogates or supersedes the first-filed Discovery Protective Order.

7.         Any NIT Protected Material, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

8.         The provisions of this Order shall not terminate at the conclusion of this prosecution.

9. Upon termination of this case, any NIT Protected Material (or copies thereof), or information contained therein in the possession of the defense team shall be destroyed or returned to the United States.

10. Any violation of any term or condition of the Proposed Order by the Defendant, the Defendant's attorney of record, any member of the defense team, Mr. Matthew Miller, or any attorney for the United States Attorney's Office for the Eastern District of Michigan, may be sanctioned by contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2016